UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: _____

ANNA BARTHA,

     Plaintiff,

vs.

MOCA LLC, JOSEPH MOINIAN,
NAZEE MOINIAN, HILL ROBINSON
INTERNATIONAL, INC., *in personam*, and
M/Y *MOCA*, a 65-meter Benetti motor yacht
registered with the Cayman Islands Shipping
Registry as Official Number 747107 and
IMO Number 9695262, her engines, tenders,
tackle, apparel and appurtenances, *in rem*,

     Defendants.

_____/

## **VERIFIED COMPLAINT**

Plaintiff, Anna Bartha, sues Defendants, Moca LLC, Joseph Moinian, Nazee

Moinian, Hill Robinson International, Inc., *in personam*, and M/Y *Moca*, a 65-meter

Benetti motor yacht registered with the Cayman Islands Shipping Registry as Official

Number 747107 and IMO Number 9695262, *in rem*, and alleges:

## **JURISDICTION AND VENUE**

1.    Plaintiff, Anna Bartha ("Bartha") invokes the Court's federal question

jurisdiction under Title 28 U.S.C. § 1331 for purposes of asserting:

a.   A declaratory judgment action under Title 28 U.S.C. § 2201 and/or § 2202 to determine who was the Jones Act employer; and,

b.   A Jones Act negligence claim against the employer under Title 46 U.S.C. § 30104.

2.   Ms. Bartha invokes the Court's admiralty jurisdiction under Title 28 U.S.C. § 1333(1) for purposes of asserting:

a.   An unseaworthiness claim against Defendants, Moca LLC and M/Y *Moca* under general maritime law;

b.   A Maintenance and Cure claim against her employer and M/Y *Moca* under general maritime law*; and,*

c.   A negligence claim against Defendant, Hill Robinson International, Inc., under general maritime law.

3.   Ms. Bartha invokes Federal Rule of Civil Procedure 9(h) and Rule C of the Supplemental Rules for Admiralty or Maritime Claims for purposes of arresting and obtaining jurisdiction over the *in rem* Defendant, M/Y *Moca*.

4.   In the event a claim is deemed not to fall within the Court's federal question or admiralty jurisdiction, the Court can still resolve the claim because it has supplemental jurisdiction under Title 28 U.S.C. § 1367.

5.   Defendants are subject to personal jurisdiction in the State of Florida under Florida Statute § 48.193 because they:

    a.    Operate, conduct, engage in, or carry on a business or business venture in this state or have an office or agent in this state;

    b.    Committed a tortious act within this state;

    c.    Own, use, possess property (the Yacht) within this state; and/or,

    d.    Defendants are engaged in substantial and not isolated activity within this state.

6.    The Court is a proper venue for Bartha's suit because significant events relating to this action occurred in Broward County, there are witnesses who reside and work in Broward County, and the Yacht is in Broward County.

## **THE PLAINTIFF**

7.    Ms. Bartha is a 40-year-old Polish citizen who holds a U.S. Permanent Resident Card a/k/a "Green Card" since 1992.  She is a resident of the State of Florida.

8.    During the early morning hours of September 5, 2021, Bartha sustained a right bimalleolar ankle fracture, and right distal tibia/fibula syndesmotic injury, when she fell down a set of stairs while working aboard M/Y *Moca*.

9.    Ms. Bartha underwent surgery for open reduction internal fixations of her right bimalleolar ankle fracture and right distal tibia/fibula syndesmosis on September 10, 2021.

10.     The Jones Act employer terminated Bartha's maintenance and cure before she reached maximum medical cure.

11.     Ms. Bartha had to retain the services of Stroup & Martin, P.A. to file this action and procure maintenance and cure for her.

### THE DEFENDANTS

12.     Defendant, Moca LLC, is a Cayman Islands limited liability company.

13.     Moca LLC's base of operations is in Broward County, Florida, which is supported by numerous facts, including, but not limited to:

    a.   Moca LLC's manager for the Yacht is located in Broward County, Florida;

    b.   The Yacht's primary mooring location is in Broward County, Florida;

    c.   The insurance policies that provide coverage for Moca LLC identify the Yacht's principal mooring location as Florida;

    d.   Moca LLC pays the Yacht's expenses through bank accounts maintained in Broward County, Florida;

    e.   Moca LLC markets the Yacht for charter through a Florida licensed yacht broker in Broward County, Florida; and,

    f.   Other facts which will be revealed through discovery.

14.     Defendants, Joseph and Nazee Moinian (hereinafter the "Moinians"), are U.S. citizens.

15.     The Moinians are the principal owners and managing members of Moca LLC.

16.     Moca LLC owns M/Y *Moca*, which is a 65-meter (213-foot) Benetti motor yacht registered with the Cayman Islands Shipping Registry as Official Number 747107 and IMO Registry as 9695262 (hereinafter the "Yacht").

17.     The Yacht's primary mooring location is in Broward County, Florida.

18.     The Yacht is currently moored in Broward County, Florida.

19.     The Moinians are the beneficial owners of the Yacht.

20.     Defendant, Hill Robinson International, Inc. ("Hill Robinson"), is a Florida corporation that maintains its principal office at 1845 Cordova Road, Suite 212, Fort Lauderdale, Florida 33316.

21.     Hill Robinson provides management services for recreational luxury vessels, including the Yacht.

22.     Hill Robinson also finds crew members for yacht owners, like the Moinians.

23.     Moca LLC and/or the Moinians contracted with Hill Robinson to manage the Yacht and find suitable crew members for them.

24.     Hill Robinson is the actual or apparent agent of Moca LLC and/or the Moinians.

25.     Moca LLC and/or the Moinians are vicariously or technically liable for Hill Robinson's acts and/or omissions concerning the Yacht's management.

## UNSEAWORTHY CONDITIONS AND THE INCIDENT

26.     The Moinians lived aboard the Vessel during the time Bartha served as chief stewardess.

27.     The Moinians issued many direct instructions to the Yacht's crew, including Bartha, concerning how to perform their work.  For example, every morning at breakfast Bartha met with Mr. Moinian where he would provide directions for the day such as making sure someone is always on bar service, cleaning and organizing the wine room, directions about meal service, steaming the wardrobe, and doing walk throughs of the Yacht with Bartha checking lighting and temperatures.  Mrs. Moinian would direct Bartha about how to arrange flowers on the Yacht, address personal grooming issues with other female crew members, how to set the dining table, how to set up the buffet, how to pack and unpack the Moinians' luggage, and turning on/off the air conditioning systems throughout the Yacht.

28.     The Moinians had the crew, including Bartha, work more than 12 hours a day.

29.     The Yacht experienced high crew turn-over due to the Moinians' exacting demands and long work hours.

30.     The Moinians required the crew to wear a specific uniform and shoes while working aboard the Yacht.

31.     The Moinians and/or Moca LLC supplied the uniforms and shoes to the crew.

32.     On or about August 24, 2021, Sharon Matte, a Hill Robinson employee in the Fort Lauderdale office, called Bartha at home and asked if she was immediately available to serve as the Yacht's chief stewardess.

33.     Ms. Bartha happened to be available and she subsequently spoke with the Yacht's captain about the chief stewardess position.  The Yacht's captain hired Bartha by verbal agreement to serve as the chief stewardess.  The verbal agreement was that Bartha would serve as chief stewardess for the Yacht at a day rate of $325.00.

34.     On August 26, 2021, Bartha joined the Yacht and started working as chief stewardess.

35.     Ms. Bartha was provided a uniform when she joined the Yacht.

36.     Ms. Bartha asked for shoes in her size but none were available.  She was not allowed to wear her own shoes pending delivery of proper sized work shoes.

37.     Another crew member provided Bartha a spare set of work shoes but they were too big for her feet.

38.     The Yacht's galley is located on a deck below the dining area.

39.     The Yacht is equipped with a dumbwaiter to enable the crew to move plates, dishes, glassware, and eating utensils between the galley and dining area.

40.     The Yacht's dumbwaiter was broken or out-of-service during the term of Bartha's service.

41.     On September 4 – 5, 2021, the Yacht was moored in the navigable waters

of the United States of America and the Moinians were hosting numerous family members for the Jewish holidays.

42.     Bartha started working at 9:30 AM, September 4, 2021 and continued to work until the incident occurred about 2:00 AM, September 5, 2021.

43.     At approximately 2:00 AM, September 5, 2021, Bartha had to move a tray loaded with plates and dishes from the dining area, down a steep staircase, to the galley because the Yacht's dumbwaiter was out-of-service.

44.     As Bartha, who was fatigued, wearing shoes too large for her feet and carrying a loaded tray moved down the stairs, her right foot slipped out of the oversized shoe, she fell and sustained a right bimalleolar ankle fracture and right distal tibia/fibula syndesmotic injury.

**COUNT I**
**DECLARATORY JUDGMENT ACTION TO DETERMINE WHO WAS**
**BARTHA'S JONES ACT EMPLOYER AT THE TIME OF THE INCIDENT**

45.     Ms. Bartha re-alleges paragraphs 1(a), 5 through 10, and 12 through 44, of the Verified Complaint as if fully set forth herein.

46.     There is a real controversy between the parties concerning the identity of Bartha's Jones Act employer.

47.     Since Bartha is entitled to and demands a jury trial of her Jones Act negligence claim under Title 46 U.S.C. § 30104, she requests the Court allow the jury to determine the identity of her employer pursuant to Federal Rule of Civil Procedure 39(c) as well as the Supreme Court's holding in *Fitzgerald v. United States Lines Co.,* 374 U.S. 16 (1962).

48.    Moca LLC does not generate sufficient revenue to pay the millions of dollars required to maintain the Yacht and employ crew members.

49.    In addition to the Moinians giving daily instructions to Bartha about her work, they also provide the money necessary to pay the Yacht's expenses including crew wages.

50.    Ms. Bartha's wages were ultimately paid by the Moinians.

51.    Furthermore, the Moinians make the final determination about hiring and terminating the crews' employment, including Bartha's employment as chief stewardess.

52.    Ms. Bartha was either an employee or borrowed servant of the Moinians.

53.    In the alternative, Moca LLC employed Bartha as chief stewardess.

WHEREFORE, Plaintiff, Anna Bartha, requests the jury answer specific interrogatories to identify her Jones Act employer and asks the Court to issue a declaratory judgment confirming the identity of Bartha's Jones Act employer.  If the Court does not allow a jury to determine the identity of Bartha's employer, then she requests the Court enter an Order identifying her employer.

## COUNT II
## BARTHA'S UNSEAWORTHINESS CLAIM
## AGAINST MOCA LLC AND M/Y *MOCA*

54.    Ms. Bartha re-alleges the allegations contained in paragraphs 2(a), 3, 5 through 9, and 12 through 44 of the Verified Complaint as if fully set forth herein.

55.    This cause of action is governed by U.S. general maritime law.

56.    Moca LLC has an absolute, non-delegable duty to provide a seaworthy

vessel to the crew, including Bartha, so that the vessel, including its equipment, is reasonably safe and fit for its intended purpose.

57. On or about September 5, 2021, Moca LLC breached its non-delegable duty to provide Bartha a reasonably safe and fit vessel because of one or more of the following defects that existed at the time of the incident:

a.   There were inadequate rest hours for the crew, including Bartha;

b.   Bartha was provided oversized shoes to perform the work. Stated in a different way, the Yacht did not have a supply of shoes to provide new crew members with properly fitted footwear;

c.   The Yacht's dumbwaiter was not in working order;

d.   The Yacht did not have sufficient crew to perform all of the work demanded of them and allow for necessary rest hours;

e.   The Yacht's stairs were not reasonably safe because they were too steep, the steps were not wide enough for the crew to safely descend the stairs, the steps were not the same distance apart, the steps did not have sufficient non-skid on them, or the non-skid was allowed to deteriorate to where they did not provide a sufficient anti-skid surface, or other defects that may be learned through discovery; and/or,

f.   There was inadequate or no safety management and/or inspections of the Yacht to: (i) identify hazards on board; (ii) make sure equipment, like the dumbwaiter, was maintained in proper working order; (iii) make sure the crew were allowed sufficient rest; and (iv) ensure appropriate sizes of footwear were on board for the crew and/or allow the crew, like Bartha, to use their own shoes until proper fitted work shoes are provided.

58.   Ms. Bartha sustained serious and permanent injuries during the September 5, 2021 incident and her injuries were directly and/or proximately caused by Moca LLC's breach of the non-delegable duty to provide a seaworthy vessel that was reasonably fit for its intended purpose.

59.   As a direct and proximate result of the unseaworthiness of the Yacht, Bartha sustained damages consisting of past and future pain and suffering, mental anguish, past and future loss of enjoyment of life, permanent physical impairment, permanent disability, disfigurement, aggravation of any previously existing conditions, past and future medical expenses in the care and treatment of her injuries, past and future loss of wages, and loss of earning capacity.

60.   Ms. Bartha's injuries are permanent and continuing in nature and she will suffer losses and impairment in the future.

61.   Ms. Bartha's unliquidated damages for past and future pain and suffering, past and future loss of enjoyment of life, disability, disfigurement, past and future loss of

earnings, loss of earning capacity, and other loss of physical functions is estimated to be in the range of U.S. four million dollars ($4,000,000.00).

62.    Under the general maritime law, the Yacht is liable *in rem* to Bartha for the unseaworthy conditions that caused her damages.

63.    Ms. Bartha is entitled under the general maritime law to foreclose her maritime tort lien against the *in rem* Defendant, M/Y *Moca*, or substitute security.

WHEREFORE, Plaintiff, Anna Bartha, demands the following relief:

A.    That the Court order the Clerk of Court to issue a Warrant of Arrest *in rem* for M/Y *Moca* so the Yacht can be arrested and brought within the Court's jurisdiction;

B.    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

C.    That Plaintiff, Anna Bartha, be decreed to have a preferred maritime tort lien upon the *in rem* Defendant, M/Y *Moca*, or substitute security, and that such lien be foreclosed in accordance with the law;

D.    That upon proper notice and hearing, judgment be entered against the *in rem* Defendant, M/Y *Moca*, and the *in personam* Defendant, Moca LLC, jointly and severally, for all of Plaintiff's compensatory damages together with prejudgment interest and costs;

E.    That Plaintiff, Anna Bartha, be allowed to credit bid her judgment at a U.S. Marshal's sale of the *in rem* Defendant, M/Y *Moca*; and,

F.    For such other relief this Court may deem just and proper.

## COUNT III
## BARTHA'S JONES ACT NEGLIGENCE CLAIM AGAINST THE MOINIANS

64.     Ms. Bartha re-alleges the allegations in paragraphs 1(b), 5, 6 through 9, and 12 through 44 of the Verified Complaint as if fully set forth herein.

65.     This is a Jones Act negligence cause of action against the Moinians in their capacity as Bartha's employer.

66.     The Moinians owe a duty of care to provide the crew, including Bartha, a reasonably safe place to work.

67.     The Moinians breached their duty of care to provide Bartha a reasonably safe place to work because of one or more of the following acts or omissions:

a.     There were inadequate rest hours for the crew, including Bartha;

b.     Bartha was provided oversized shoes to perform her work and/or she was not allowed to wear her own properly fitted shoes until appropriately sized footwear was provided to her;

c.     The Yacht's dumbwaiter was not maintained in working order so that the crew, including Bartha, could use it;

d.     The Yacht did not have sufficient crew to perform all of the work demanded of them and allow the crew, including Bartha, to have necessary rest hours;

e.   The Yacht's stairs were not maintained in reasonably safe condition because they were too steep, the steps were not wide enough for the crew to safely descend the stairs, the steps were not the same distance apart, the steps did not have sufficient non-skid on them, or the non-skid was allowed to deteriorate to where they did not provide a sufficient anti-skid surface, or other defects that may be learned through discovery; and/or,

f.   There was inadequate or no inspections made to: (i) identify hazards on board the Yacht and rectify them; (ii) ensure the equipment was kept in proper working order; (iii) make sure the crew, including Bartha, were provided sufficient rest/sleep; (vi) ensure there was a proper supply of shoes for the crew, or, alternatively, allow the crew to work in their own shoes until properly fitted work shoes were provided to them.

68.   Ms. Bartha sustained serious and permanent injuries during the September 5, 2021 incident and her injuries were directly or proximately caused by the Moinians' breach of their duty to provide a reasonably safe place to work.

69.   As a direct or proximate result of the Moinians' breach of duty to provide a reasonably safe place to work, Bartha sustained damages consisting of past and future pain and suffering, mental anguish, past and future loss of enjoyment of life, permanent

physical impairment, permanent disability, disfigurement, aggravation of any previously existing conditions, past and future medical expenses in the care and treatment of her injuries, past and future loss of wages, and loss of earning capacity.

70.     Ms. Bartha's injuries are permanent and continuing in nature and she will suffer losses and impairment in the future.

WHEREFORE, Plaintiff, Anna Bartha, demands the Court enter final judgment against Defendants, Joseph and Nazee Moinian, jointly and severally, and award her compensatory damages, prejudgment interest, costs and such other and further relief the Court deems proper.

## <u>COUNT IV</u>
## <u>BARTHA'S JONES ACT NEGLIGENCE CLAIM AGAINST MOCA LLC</u>

71.     Ms. Bartha re-alleges the allegations in paragraphs 1(b), 5 through 10, and 12 through 44 of the Verified Complaint as if fully set forth herein.

72.     This is an alternative cause of action against Moca LLC in its capacity as Bartha's employer.

73.     Moca LLC owes a duty of care to provide the crew, including Bartha, a reasonably safe place to work.

74.     Moca LLC breached its duty of care to provide Bartha a reasonably safe place to work because of one or more of the following acts or omissions:

      a.     There were inadequate rest hours for the crew, including Bartha;

b.   Bartha was provided oversized shoes to perform her work and/or she was not allowed to wear her own properly fitted shoes until appropriately sized footwear was provided to her;

c.   The Yacht's dumbwaiter was not maintained in working order so the crew, including Bartha, could use it;

d.   The Yacht did not have enough crew to perform all of the work demanded of them and allow the crew, including Bartha, to have necessary rest hours;

e.   The Yacht's stairs were not maintained in reasonably safe condition because they were too steep, the steps were not wide enough for the crew to safely descend the stairs, the steps were not the same distance apart, the steps did not have sufficient non-skid on them, or the non-skid was allowed to deteriorate to where they did not provide a sufficient anti-skid surface, or other defects that may be learned through discovery; and/or,

f.   There was inadequate or no inspections made to: (i) identify hazards on board the Yacht and rectify them; (ii) ensure the equipment was kept in proper working order; (iii) make sure the crew, including Bartha, were being allowed sufficient rest/sleep; (iv) ensure there was a proper

16

supply of shoes for the crew, or, alternatively, allow the

crew to work in their own shoes until properly fitted work

shoes were provided to them.

75.    Ms. Bartha sustained serious and permanent injuries during the September

5, 2021 incident and her injuries were directly or proximately caused by Moca LLC's

breach of its duty to provide a reasonably safe place to work.

76.    As a direct or proximate result of Moca LLC's breach of duty to provide a

reasonably safe place to work, Bartha sustained damages consisting of past and future

pain and suffering, mental anguish, past and future loss of enjoyment of life, permanent

physical impairment, permanent disability, disfigurement, aggravation of any previously

existing conditions, past and future medical expenses in the care and treatment of her

injuries, past and future loss of wages, and loss of earning capacity.

77.    Ms. Bartha's injuries are permanent and continuing in nature and she will

suffer losses and impairment in the future.

WHEREFORE, Plaintiff, Anna Bartha, demands the Court enter final judgment

against Defendant, Moca LLC, and award her compensatory damages, prejudgment

interest, costs and such other and further relief the Court deems proper.

### COUNT V
### BARTHA'S MAINTENANCE AND CURE CLAIM
### AGAINST THE MOINIANS AND M/Y *MOCA*

78.    Ms. Bartha re-alleges the allegations in paragraphs 2(b), 3, and 5 through

44 of the Verified Complaint as if fully set forth herein.

79.    This is a cause of action for maintenance and cure.

80.     The Moinians employed Bartha, either directly or as a borrowed servant, to serve as chief stewardess aboard the Yacht.

81.     Despite knowing about Bartha's injuries, the Moinians took inadequate steps to investigate Bartha's claims for medically needed treatment, her need for maintenance while she is unable to work because of her work-related injuries, or the amount owed to her for her out-of-pocket medical expenses.

82.     The Moinians and the Yacht have non-delegable duties to provide Bartha with maintenance and cure for her injuries, which occurred during her service aboard the Yacht.

83.     The Moinians and the Yacht breached their non-delegable duties to provide Bartha with maintenance and cure by:

    a.   Failing to adequately investigate Bartha's maintenance and cure claim, including her need for curative treatment and living expenses while she is not fit for duty;

    b.   Failing to reimburse Bartha for out-of-pocket medical expenses;

    c.   Failing to make timely arrangements for Bartha to receive follow-up curative care after her surgery;

    d.   Failing to pay maintenance to support Bartha while she is undergoing curative treatment; and/or,

    e.   Failing to pay all of Bartha's medical expenses for her injuries.

84.     Ms. Bartha has a preferred maritime lien against the Yacht for her maintenance and cure.

85.     Ms. Bartha brings this action, in part, to foreclose her preferred maritime lien against the Yacht, or substitute security.

86.     The Moinians willfully and arbitrarily failed to pay maintenance and provide cure to Bartha for her injuries, and such conduct aggravated and/or prolonged her recovery for which Bartha seeks compensatory damages for her pain and suffering, mental anguish, permanent disability, future lost earnings, medical expenses incurred, reasonable attorney's fees for having to file this action to procure maintenance and cure, punitive damages to deter *in personam* Defendants from engaging in this type of conduct in the future, and court costs, including *custodia legis* expenses for the Yacht's arrest.

WHEREFORE, Plaintiff, Anna Bartha, demands the following relief:

A.      That the Court order the Clerk of Court to issue a Warrant of Arrest *in rem* for the M/Y *Moca* so the Yacht can be arrested and brought within the Court's jurisdiction;

B.      That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

C.      That Plaintiff, Anna Bartha, be decreed to have a preferred maritime lien for her maintenance and cure upon the *in rem* Defendant, *M/Y Moca*, or substitute security, and that such lien be foreclosed in accordance with the law;

D.     That upon proper notice and hearing, judgment be entered against the *in rem* Defendant, M/Y *Moca*, and the *in personam* Defendants Joseph and Nazee Moinian, jointly and severally, for all of Plaintiff's compensatory damages, reasonable attorney's fees, punitive damages, prejudgment interest, and costs;

E.     That Plaintiff, Anna Bartha, be allowed to credit bid her judgment at a U.S. Marshal's sale of the *in rem* Defendant, M/Y *Moca*; and,

F.     For such other relief this Court may deem just and proper.

## COUNT VI
## BARTHA'S MAINTENANCE AND CURE CLAIM
## AGAINST MOCA LLC AND M/Y *MOCA*

87.    Ms. Bartha re-alleges the allegations in paragraphs 2(b), 3, and 5 through 44 of the Verified Complaint as if fully set forth herein.

88.    This is an alternative cause of action for maintenance and cure based on Moca LLC being the Jones Act employer.

89.    As an alternative factual allegation, Moca LLC employed Bartha to serve as chief stewardess aboard the Yacht.

90.    Despite knowing about Plaintiff's injuries, Moca LLC took inadequate steps to investigate Bartha's claims for medically needed treatment, her need for maintenance while she is unable to work because of her work-related injuries, or the amount owed to her for her out-of-pocket medical expenses.

91.     Moca LLC and the Yacht have non-delegable duties to provide Bartha with maintenance and cure for her injuries, which occurred during her service aboard the Yacht.

92.     Moca LLC and the Yacht breached their non-delegable duties to provide Bartha with maintenance and cure by:

       a.    Failing to adequately investigate Bartha's maintenance and cure claim, including her need for curative treatment and living expenses while she is not fit for duty;

       b.    Failing to reimburse Bartha for out-of-pocket medical expenses;

       c.    Failing to make timely arrangements for Bartha to receive follow-up curative care after her surgery;

       d.    Failing to pay maintenance to support Bartha while she is undergoing curative treatment; and/or,

       e.    Failing to pay all of Bartha's medical expenses for her injuries.

93.     Ms. Bartha has a preferred maritime lien against the Yacht for her maintenance and cure.

94.     Ms. Bartha brings this action, in part, to foreclose her preferred maritime lien against the Yacht, or substitute security.

95.     Moca LLC willfully and arbitrarily failed to pay maintenance and provide cure to Bartha for her injuries, and such conduct aggravated and/or prolonged her

recovery for which Bartha seeks compensatory damages for her pain and suffering, mental anguish, permanent disability, future lost earnings, medical expenses incurred, reasonably attorney's fees for having to file this action to procure maintenance and cure, punitive damages to deter *in personam* Defendant from engaging in this type of conduct in the future, and court costs, including the *custodia legis* expenses for the Yacht's arrest.

WHEREFORE, Plaintiff, Anna Bartha, demands the Court provide the following relief:

A.  That the Court order the Clerk of Court to issue a Warrant of Arrest *in rem* for the M/Y *Moca* so the Yacht can be arrested and brought within the Court's jurisdiction;

B.  That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

C.  That Plaintiff, Anna Bartha, be decreed to have a lien upon the *in rem* Defendant, M/Y *Moca*, or substitute security, and that such lien be foreclosed in accordance with the law;

D.  That upon proper notice and hearing, judgment be entered against the *in rem* Defendant, M/Y *Moca*, and the *in personam* Defendant, Moca LLC, jointly and severally, for all of Plaintiff's compensatory damages, reasonable attorney's fees, punitive damages, prejudgment interest, and costs;

E.  That Plaintiff, Anna Bartha, be allowed to credit bid her judgment at a U.S. Marshal's sale of the *in rem* Defendant, M/Y *Moca*; and,

F.    For such other relief this Court may deem just and proper.

## COUNT VII
## BARTHA'S NEGLIGENCE CLAIM AGAINST HILL ROBINSON
## UNDER THE GENERAL MARITIME LAW

96.    Ms. Bartha re-alleges paragraphs 2(c), 5 through 9, 12, 14 through 25, 30 through 40, and 42 through 44 of the Verified Complaint as if fully set forth herein.

97.    This cause of action is governed by U.S. general maritime law.

98.    Ms. Bartha was an intended third-party beneficiary of Moca LLC's and/or the Moinians contract with Hill Robinson in that the contract encompasses services by Hill Robinson to make sure the Yacht is safe for use by the crew.

99.    Hill Robinson owed a duty to exercise reasonable care and prudence in providing Bartha with a safe place to work.

100.    On September 5, 2021, Hill Robinson breached its reasonable duty of care to provide Bartha with a safe place to work because of one or more of the following acts or omissions:

a.    There was a lack of enforcement of rest/sleep rules so the crew, including Bartha, could obtain proper rest;

b.    The crew, including Bartha, were not allowed to wear their own shoes until proper fitted work shoes could be provided for their service aboard the Yacht;

c.    The Yacht's dumbwaiter was not maintained in proper working order so the crew, including Bartha, could use it;

d.    The Yacht's stairs were not maintained in a reasonably safe

23

condition for the crew, including Bartha, to use them; and,

e.    Other hazards or defects that should have been detected through inspections of the Yacht and its crew which may be learned through discovery.

101.    Ms. Bartha sustained serious injuries during the September 5, 2021 incident and such injuries were directly or proximately caused by and resulted from Hill Robinson's fault or negligence.

102.    As a direct or proximate result of Hill Robinson's breach of duty to provide a reasonably safe place to work, Bartha sustained damages consisting of past and future pain and suffering, mental anguish, past and future loss of enjoyment of life, permanent physical impairment, permanent disability, disfigurement, aggravation of any previously existing conditions, past and future medical expenses in the care and treatment of her injuries, past and future loss of wages, and loss of earning capacity.

WHEREFORE, Plaintiff, Anna Bartha, demands the Court enter final judgment against Defendant, Hill Robinson International, Inc., and award her compensatory damages, prejudgment interest, costs and such other and further relief the Court deems proper.

## **DEMAND FOR JURY TRIAL**

103.    Ms. Bartha demands a jury trial of her Jones Act negligence claim as of statutory right.  In addition, Bartha moves the Court to allow a jury trial of her maritime claims pursuant to Federal Rule of Civil Procedure 39(c) and the Supreme Court's holding in *Fitzgerald v. United States Lines Co.,* 374 U.S. 16 (1962).

Dated:  April 21, 2022.

Respectfully submitted,

By: _/s/ Farris J. Martin III_____
    FARRIS J. MARTIN III
    Florida Bar No. 879116
    JAMES W. STROUP
    Florida Bar No. 842117
    Stroup & Martin, P.A.
    119 Southeast 12th Street
    Fort Lauderdale, Florida 33316
    Telephone: (954) 462-8808
    E-mail:  fmartin@strouplaw.com
    E-mail:  jstroup@strouplaw.com
    *Attorneys for Plaintiff, Ania Bartha*

[Plaintiff's verification of the Complaint is on the next page].

## VERIFICATION

1.      I, Anna Bartha, am over twenty-one years of age and make this verification in support of my action against the Defendants.

2.      I have read the Verified Complaint, I know the contents thereof, and the facts alleged therein are true based on my personal knowledge, information, and belief.

3.      I was employed as chief stewardess aboard M/Y *Moca*, a 65-meter Benetti motor yacht, from August 26, 2021 to September 5, 2021.  I sustained serious personal injuries while working on M/Y *Moca* on September 5, 2021.

4.      Mr. Joseph Moinian and Mrs. Nazee Moinian lived aboard M/Y *Moca* during my employment and they both gave me daily instructions about my work.

5.      I have not been declared at maximum medical cure.  I need further curative treatment, particularly physical therapy, to reach maximum medical cure.

6.      I am not receiving maintenance and cure from my employers.

Pursuant to Title 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2022

Anna Bartha